IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       No. CIV-05-0640 JP/LFG
                                             CR-01-867 JP

SOFIA LOPEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court for preliminary consideration of Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 258) filed June 1, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to drug conspiracy charges, and on March 14, 2003, the Court entered judgment on the conviction. Defendant did not appeal her conviction or sentence. Through counsel, she now contends that recent Supreme Court decisions have rendered her sentence illegal. She also argues that she has filed her motion within one year after a new right was recognized by the Supreme Court.

    No relief is available on Defendant's claim. She contends that the Supreme Court's decisions in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), effectively restarted the running of the statute of limitation in § 2255(3). The applicable statutory provision states: "The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(3). Even assuming for purposes of this order that *Blakely* and *Booker* recognized a new right,

these decisions have not been made retroactive. *See United States v. Bellamy*, --- F.3d ---, ---, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005). As indicated by the dates above, Defendant's sentencing claim under *Blakely* and *Booker* is barred as untimely. Alternatively, because the rulings in *Blakely* and *Booker* apply only to cases that were then pending or on direct review, *see Booker*, --- U.S. at ---, 125 S. Ct. at 769, Defendant's sentencing claim will be dismissed on the merits.

IT IS THEREFORE ORDERED that Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 258) filed June 1, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE